IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ROACH, JR.,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-6408** |
| | : | |
| **NAVY FEDERAL CREDIT UNION,** | : | |
|     Defendant. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                     **DECEMBER 23, 2024**

Plaintiff Melvin Roach, Jr., brings this *pro se* civil action against Navy Federal Credit Union ("NFCU"). He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Roach *in forma pauperis* status and dismiss the Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Roach claims that he maintained accounts with NFCU, including checking and savings accounts, as well as a NFCU credit card. (ECF No. 2 at 3.) He alleges that Defendant engaged in "unauthorized actions, including mishandling funds, failure to respond to a Notice of Entitlement Order, unlawful adverse credit reporting, and unjust enrichment." (*Id.* at 1.)

According to Roach, he sent a "Notice of Entitlement Order" to NFCU on November 12, demanding full disclosure of financial transactions, details on account handling, and corrections to unauthorized charges, but NFCU failed to respond. (*Id.* at 3.) Roach asserts that NFCU's failure to respond violated its statutory obligations and deprived him of critical financial information. (*Id.*) He also claims that NFCU "transferred unauthorized charges" to his accounts

---

[1] Roach initiated this matter by filing a Complaint (ECF No. 2) and a Memorandum of Law in Support of Plaintiff's Claims (ECF No. 2-1). He later submitted Exhibits (ECF No. 4). The Court will consider these documents together as comprising the Complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to all documents.

and imposed fees without proper justification. (*Id.*) He contends that account statements dated "08/26/23, 12/27/23-1/26/24 and 9/24/24 show repeated mishandling of funds, including unauthorized charges." (*Id.*) Roach avers that he reported adverse credit information to unspecified credit bureaus "based on deceptive terms and practices" which defamed his character and damaged his creditworthiness. (*Id.*) He filed a complaint with the Consumer Financial Protection Bureau. (*Id.* at 4.)

As alleged, Roach entered into a valid contract with NFCU for the provision of financial services, including the maintenance of accounts and the issuance of a credit card. (*Id.*) He claims that NFCU breached the contract by mishandling funds, imposing unauthorized fees, and failing to provide an accurate accounting as demanded in his Notice of Entitlement Order. (ECF No. 2 at 5; ECF No. 2-1 at 2-3.) He further alleges that NFCU violated the Fair Credit Reporting Act ("FCRA") by reporting adverse credit information to credit bureaus without justification and failing to investigate and correct inaccuracies. (ECF No. 2 at 5; ECF No. 2-1 at 3-5.) Roach claims that his January 23, 2024 credit report showed accounts in good standing, while subsequent reports, including those from August 26, 2024 and October 3, 2024 "unjustly reflected Past Due statuses without clear justification." (ECF No. 2-1 at 4.) He contends that his credit score dropped from "fair" to "poor" due to NFCU's adverse reporting and he faced increased borrowing costs and lost opportunities for credit approval. (*Id.* at 4-5.) As alleged, NFCU also was unjustly enriched by retaining fees, penalties, and funds from unauthorized charges. (ECF No. 2 at 6; ECF No. 2-1 at 5-6.) Roach further asserts that NFCU's adverse credit reporting defamed his character and cause reputational harm and financial damages. (ECF No. 2 at 6; ECF No. 2-1 at 6-7.) Roach seeks injunctive relief, as well as monetary damages. (ECF No. 2 at 7.)

II.     **STANDARD OF REVIEW**

The Court will grant Roach leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Roach is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the

applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Roach alleges that NFCU violated his rights by charging unauthorized fees and reporting inaccurate information to credit reporting agencies, despite being notified of the inaccuracies. Roach's Complaint, even when liberally construed, is conclusory and fails to allege a plausible claim.

### A. FCRA

Roach alleges that NFCU violated his rights under the FCRA; however, he fails to allege a plausible basis for a claim under this statute. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess[, *inter alia*,] a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).[2] The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).[3]

To proceed against a credit reporting agency under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under §

---

[2] To state a claim under this section of the FCRA, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

[3] To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021).[4]

To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)). Similar to claims under § 1681e or § 1681i, courts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of

---

[4] A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). A court must apply a reasonable reader standard to determine the accuracy of an entry in a report, and consider whether the entry, read in the context of the report in its entirety, is inaccurate or ambiguous. *Id.* at 342.

credit information. *Holland*, 574 F. Supp. 3d at 298 (citations and internal quotation marks omitted).

To the extent Roach seeks to allege an FCRA claim against NFCU under § 1681s-2(b) as a furnisher, he has not alleged facts in support of such a claim. While Roach contends that he notified NFCU of the allegedly inaccurate information, there are no plausible facts alleging that Roach notified a consumer reporting agency about his dispute in the first instance.[5] *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Washington v. Freedom Mortg.*, No. 20-09332, 2021 WL 1100637, at *2 (D.N.J. Mar. 23, 2021) (explaining that the duties placed on furnishers of information by § 1681s-2(b) are implicated only "[a]fter receiving notice pursuant to § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" (internal quotations and alteration omitted)). Roach has not plausibly alleged that he disputed inaccurate information to a consumer reporting agency, that the consumer reporting agency notified NFCU of information of the dispute, and that NFCU failed to reasonably investigate the dispute. Thus, Roach has not pled a plausible § 1681s-2(b) claim.

Furthermore, Roach's allegations of inaccuracy are conclusory and undeveloped. Roach alleges that his January 23, 2024 credit report showed accounts in good standing and subsequent reports, including those from August 26, 2024 and October 3, 2024, "unjustly reflected Past Due

---

[5] Roach's vague allegations that he "reported adverse credit information to credit bureaus based on deceptive terms and practices" is insufficient. (*See* Compl. at 3.)

statuses without clear justification." (ECF No. 2-1 at 4.) He does not adequately allege that the information transmitted was inaccurate. This is fatal to any claim under § 1681s-2. *See Holland*, 574 F. Supp. 3d at 302 (noting that there must be a threshold showing of inaccuracy to make a claim against a furnisher); *see also Villalobos v. Citi Bank NA*, No. 22-1837, 2023 WL 3035315, at *5 (M.D. Pa. Feb. 2, 2023) ("Plaintiff has provided no information about what the negative credit information consisted of (aside from allegations that it was related to a BestBuy credit card), and has failed to explain in what respect the reported information was false."); *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) ("The complaint does not say what the negative credit information consisted of, or in what respect it was false."). Accordingly, Roach fails to allege a plausible FCRA claim for relief against NFCU. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claims because plaintiffs failed to sufficiently allege that the bank received notice of their dispute from a credit reporting agency); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).[6]

---

[6] Additionally, Roach must have standing to bring an FCRA claim and plead facts in support thereof in the Complaint. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and this "requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1.).

In *TransUnion LLC v. Ramierz*, 594 U.S. 413, 425 (2021), the Supreme Court focused on the "concreteness" prong of the standing analysis. The Court expressly rejected the notion that "a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a

### B. Breach of Contract and Defamation

Roach also seeks to present breach of contract claims against NFCU.  (*See* ECF No. 2 at 4-5.)  He alleges that he entered into a valid contract with NFCU for the provision of financial services, including maintenance of accounts and issuance of a credit card.  (*Id.* at 4.) He claims that "account statements dated 08/26/23, 12/27/23-1/26/24 and 9/24/24" show unauthorized charges.  (*Id.*; ECF No. 2-1 at 3.)  He further claims that NFCU failed to respond to his Notice of Entitlement Order, which constituted a breach of contract.  (ECF No. 2 at 5.)  Such allegations are too vague and conclusory to determine whether Roach has a plausible basis for a breach of contract claim based on the imposition of unauthorized fees and do not meet the *Iqbal* pleading standard.  *See Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) ("It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages.").

To the extent that Roach's allegations of breach of contract and defamation are based on inaccurate information furnished by NFCU to a consumer reporting agency, such claims would be preempted by federal law.  "[T]he FCRA broadly preempts any state law requirement[s] or

---

person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.* at 426 (quoting *Spokeo*, 578 U.S. at 341).  Instead, a plaintiff must allege a concrete injury separate and apart from an injury under the law.  *Id.* (explaining that "an injury in law is not an injury in fact").  The Court differentiated between tangible and intangible injuries.  Where a defendant has caused a tangible harm—*i.e.*, a physical or monetary harm—the plaintiff will have suffered a concrete injury in fact.  *Id.* at 424-25.  Intangible harms may also be concrete, so long as those injuries bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts."  *Id.* at 425.

It is not clear from his Complaint that Roach has standing to bring an FCRA claim.  The party who invokes federal jurisdiction bears the burden of establishing standing.  *Spokeo*, 578 U.S. at 339.  To satisfy the standing requirement, Roach must sufficiently tie alleged injuries to the conduct of NFCU, because a bare procedural violation, even if he alleges one, does not provide the relief Roach seeks.

prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies." *Rivas v. L&N Builders Grp., Inc.*, No. 22-7544, 2023 WL 4014290, at *3 (D.N.J. June 15, 2023) (citing 15 U.S.C. § 1681t(b)(1)(F)); *see also Cheadle v. Experian*, No. 20-18183, 2021 WL 3144843, at *4 (D.N.J. July 26, 2021) ("Although not yet directly addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.") (citing cases). Courts, including those in this district, "have interpreted . . . [§ 1681t(b)(1)(F)] to bar all state claims, whether statutory or common-law based." *Rivas*, 2023 WL 4014290 at *3 (citations omitted); *see also Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) ("Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2.") (citing cases); *LeBoon v. DS Waters of Am., Inc.*, No. 20-5268, 2021 WL 1193239, at *3 (E.D. Pa. Mar. 30, 2021) (finding that breach of contract and intentional infliction of emotional distress claims were premised on allegations of conduct regulated under § 1681s-2 and therefore preempted by § 1681t(b)(1)(F)); *Cicala v. Trans Union, LLC*, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016) (finding state law defamation claim preempted); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015) (finding state law defamation claim preempted); *Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014) (finding state law defamation and negligence claims preempted). Accordingly, any state law breach of contract and defamation claims against NFCU, based on its responsibilities as a furnisher of information under § 1681s-2, will be dismissed.

### C. Other Claims

There are other problems with Roach's claims. Roach includes a passing reference to the "Pennsylvania Consolidated Statutes (UCC)" and "13 Pa. C.S. § 9-210 and other applicable provisions." (ECF No. 2 at 1, 3.) A passing reference to a legal principle is not sufficient to raise a claim thereunder. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). In any event, the Court can discern no basis for a violation of the Pennsylvania UCC based on Roach's allegations.

Furthermore, Roach has no basis for an unjust enrichment claim. As alleged, Roach's claims are based on the credit card account he maintained with NFCU, which is governed by a contract between the parties. "An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." *Sevast v. Kakouras*, 915 A.2d 1147, 1153 n.7 (Pa. 2007). The doctrine of unjust enrichment is "inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir. 1985) (quoting *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 448 (1969)). Thus, dismissal of an unjust enrichment claim is proper where "the relationship between the parties is founded on a written instrument." *Harold ex rel. Harold v. McGann*, 406 F. Supp. 2d 562, 579 (E.D. Pa. 2005).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Roach's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Roach will be given leave to file an amended complaint if he has a good faith basis for doing so and can cure the deficiencies noted by the Court. An Order follows.

BY THE COURT:

/s/Chad F. Kenney

**CHAD F. KENNEY, J.**