IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ROACH, JR.,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-6408** |
| | : | |
| **NAVY FEDERAL CREDIT UNION,** | : | |
|     Defendant. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                     **JANUARY 21, 2025**

Currently before the Court is the Amended Complaint filed by *pro se* Plaintiff Melvin Roach, Jr., who brings claims against Navy Federal Credit Union ("NFCU"). For the following reasons, the Amended Complaint will be dismissed.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Roach's initial Complaint[2] claimed that he maintained accounts with NFCU, including checking and savings accounts, as well as a NFCU credit card, and that NFCU engaged in "unauthorized actions, including mishandling funds, failure to respond to a Notice of Entitlement Order, unlawful adverse credit reporting, and unjust enrichment." (ECF No. 2 at 1, 3.) According to Roach, he sent a "Notice of Entitlement Order" to NFCU on November 12, demanding full disclosure of financial transactions, details on account handling, and corrections to unauthorized charges, but NFCU failed to respond. (*Id.* at 3.) Roach asserted that NFCU's failure to respond violated its statutory obligations and deprived him of critical financial

---

[1] The Court adopts the sequential pagination supplied by the CM/ECF docketing system to all documents.

[2] Roach initiated this matter by filing a Complaint (ECF No. 2) and a Memorandum of Law in Support of Plaintiff's Claims (ECF No. 2-1). He later submitted Exhibits (ECF No. 4). The Court considered these documents together as comprising the Complaint.

information. (*Id.*) He also claimed that NFCU "transferred unauthorized charges" to his accounts and imposed fees without proper justification. (*Id.*) He contended that account statements dated "08/26/23, 12/27/23-1/26/24 and 9/24/24 show repeated mishandling of funds, including unauthorized charges." (*Id.*) Roach averred that he reported adverse credit information to unspecified credit bureaus "based on deceptive terms and practices" which defamed his character and damaged his creditworthiness and that he filed a complaint with the Consumer Financial Protection Bureau. (*Id.* at 3, 4.)

      Roach further claimed that he entered into a valid contract with NFCU for the provision of financial services, including the maintenance of accounts and the issuance of a credit card. (*Id.* at 4.) He claimed that NFCU breached the contract by mishandling funds, imposing unauthorized fees, and failing to provide an accurate accounting as demanded in his Notice of Entitlement Order. (ECF No. 2 at 5; ECF No. 2-1 at 2-3.) He further alleged that NFCU violated the Fair Credit Reporting Act ("FCRA") by reporting adverse credit information to credit bureaus without justification and failing to investigate and correct inaccuracies. (ECF No. 2 at 5; ECF No. 2-1 at 3-5.) Roach claimed that his January 23, 2024 credit report showed accounts in good standing, while subsequent reports, including those from August 26, 2024 and October 3, 2024 "unjustly reflected Past Due statuses without clear justification." (ECF No. 2-1 at 4.) He asserted that his credit score dropped from "fair" to "poor" due to NFCU's adverse reporting and he faced increased borrowing costs and lost opportunities for credit approval. (*Id.* at 4-5.) As alleged, NFCU also was unjustly enriched by retaining fees, penalties, and funds from unauthorized charges. (ECF No. 2 at 6; ECF No. 2-1 at 5-6.) Roach further claimed that NFCU's adverse credit reporting defamed his character and caused reputational harm and financial damages. (ECF No. 2 at 6; ECF No. 2-1 at 6-7.)

In a December 23, 2024 Memorandum and Order, the Court granted Roach *in forma pauperis* status, screened Roach's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and determined that Roach had failed to plead a plausible claim. (ECF Nos. 5, 6.) First, the Court found that Roach failed to state a plausible claim against NFCU under the FCRA as a furnisher of information. (ECF No. 5 at 4-8.) The Court further noted that it was unclear from Roach's initial Complaint whether he had standing to bring an FCRA claim and that to bring an FCRA claim, Roach must sufficiently tie his alleged injuries to the conduct of NFCU because bare procedural violations do not provide relief. (*See id.* at 8-9 n.6.) Additionally, the Court concluded that Roach's allegations of a breach of contract were conclusory and vague, and that to the extent his allegations of breach of contract and defamation were based on inaccurate information furnished by NFCU to a consumer reporting agency, such claims would be preempted by federal law. (*See id.* at 9-10.) The Court also found that Roach's passing references to various state statutes did not allege plausible claims and that he had no basis for an unjust enrichment claim. (*Id.* at 11.) Roach's claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and he was given thirty days to file an amended complaint if he could cure the deficiencies noted by the Court.

On January 8, 2025, Roach filed the Amended Complaint, again alleging that he maintained checking, savings, and credit card accounts with NFCU. (Am. Compl. at 2.) He claims that he "experienced several incidents involving unauthorized actions on these accounts, including access restrictions and unapproved modifications to agreements." (*Id.*) The specific allegations are brief.

Roach alleges that on April 21, 2024, NFCU restricted his access to the checking account "without providing a valid reason, as evidenced in an email notification titled 'Suspicious

Activity.'  Despite multiple inquiries, no legitimate justification was given for this action (Exhibit A)."[3]  (*Id.* at 2-3.)  He also claims that he discovered on July 22, 2024, that NFCU processed transactions on "the same restricted account, indicating unauthorized use" of his funds without his consent.  (*Id.* at 3.)  He avers that "[t]his is evidenced in an email detailing activity on an account marked as closed (Exhibit B)."  (*Id.*)  Roach further alleges that, on August 5, 2024, NFCU made "unauthorized changes" to his credit card agreement "without adequate notice, impacting [his] financial obligations under the agreement (Exhibit C)."  (*Id.*)  Additionally, Roach claims that NFCU sent an additional communication on October 27, 2024, regarding changes to his checking account status, "confirming that the account remained active despite being previously restricted (Exhibit D)."  (*Id.*)  Roach concludes that such actions "constitute a clear pattern of mismanagement, breach of contractual obligations, and unauthorized control" over his accounts and funds.  (*Id.*)

Based on these allegations, Roach presents four claims.  (*Id.* at 3-5.)  In Count I, he claims that NFCU violated § 1681s-2(b) of the FCRA by failing to "conduct a reasonable investigation, correct inaccuracies, or provide notice of correction to credit reporting agencies."

---

[3] Roach refers to Exhibits A, B, C, and D in the Amended Complaint but did not attach any documents to the Amended Complaint.  (*See* Am. Compl. at 3.)  As noted *supra*, several days after filing the initial Complaint, Roach filed several exhibits, which the Court considered as part of the initial Complaint.  While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings."  *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019).  This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff."  *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).  Roach was advised that the amended complaint must be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  (*See* ECF No. 6 at 1.)  In any event, the exhibits Roach submitted with the initial Complaint do not appear to be the documents he references in the Amended Complaint.

4

(*Id.* at 4.) He contends that he "suffered financial harm, including a damaged credit score and increased borrowing costs" as a result. (*Id.*) In Count II, Roach asserts that NFCU breached a contract "for financial services, including maintaining accounts and issuing a credit card" by failing to provide accurate account statements, imposing unauthorized fees and restrictions, and ignoring his Notice of Entitlement Order. (*Id.*) He contends that he suffered damages, including financial loss and harm to his "credit reputation." (*Id.*) In Count III, Roach claims that NFCU's actions constitute unlawful conversion under Pennsylvania law in that it "wrongfully restricted access" to his accounts and "subsequently utilized" his funds without authorization. (*Id.* at 5.) He claims this caused him "financial harm and emotional distress." (*Id.*) As Count IV of the Complaint, Roach pleads, in the alternative, that NFCU was unjustly enriched by retaining fees and funds from unauthorized charges. (*Id.*) He seeks monetary damages and injunctive relief. (*Id.* at 6.)

## II. STANDARD OF REVIEW

Because Roach is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint, liberally construed, contains facts sufficient to state a plausible

claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Roach is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.   DISCUSSION

In the Amended Complaint, Roach again attempts to allege that NFCU violated § 1682s-2(b) of the FCRA, breached a contract, and committed the intentional tort of conversion. (*See* Am. Compl. at 2-5.) The Court's prior Memorandum, *inter alia*, found that the allegations in the initial Complaint were conclusory and explained to Roach in detail the pleading standards for a § 1682s-2(b) claim, including the need to establish standing to bring such a claim, as well as the pleading standards for a breach of contract claim. (*See* ECF No. 5 at 4-10.) Despite having a second chance to tell his story, the Amended Complaint fails to rectify the pleading deficiencies

previously noted by the Court. Even under a liberal reading of the Amended Complaint, it is entirely conclusory.

Roach claims that NFCU restricted his access to the checking account on April 21, 2024, without providing a valid reason, and despite his requests, "no legitimate justification was given for this action." (Am. Compl. at 2-3.) He also alleges that he discovered on July 22, 2024, that NFCU processed transactions on "the same restricted account, indicating unauthorized use" of his funds without his consent. (*Id.* at 3.) Roach further asserts that NFCU made "unauthorized changes" to his credit card agreement on August 5, 2024, "without adequate notice." (*Id.*) Additionally, Roach claims an October 27, 2024 communication confirmed that the checking account "remained active despite being previously restricted." (*Id.*) Roach concludes that such actions "constitute a clear pattern of mismanagement, breach of contractual obligations, and unauthorized control" over his accounts and funds. (*Id.*) These allegations again fail to provide a plausible basis for a claim under any of the theories proffered by Roach.

Turning first to the FCRA claim, Roach's allegations do not support a plausible basis for a claim. As the Court previously explained to Roach, to state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b). A showing of inaccuracy is essential to a §

7

1681s-2(b) claim in regard to furnishers of credit information. *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021) (citations and internal quotation marks omitted).

Although Roach asserts that NFCU violated § 1681s-2(b) of the FCRA by failing to "conduct a reasonable investigation, correct inaccuracies, or provide notice of correction to credit reporting agencies" (*see* Am. Compl. at 4), he has not plausibly alleged that he disputed inaccurate information to a consumer reporting agency, that the consumer reporting agency notified NFCU of information of the dispute, and that NFCU failed to reasonably investigate the dispute. *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 91 (3d Cir. 2017) (*per curiam*) ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Washington v. Freedom Mortg.*, No. 20-09332, 2021 WL 1100637, at *2 (D.N.J. Mar. 23, 2021) (explaining that the duties placed on furnishers of information by § 1681s-2(b) are implicated only "[a]fter receiving notice pursuant to § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" (internal quotations and alteration omitted)). Thus, Roach has not pled a plausible § 1681s-2(b) claim. *See Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claims because plaintiffs failed to sufficiently allege that the bank received notice of their dispute from a credit reporting agency); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

Further, Roach has failed to plausibly allege a basis for either a breach of contract claim or the intentional tort of conversion, because "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* As in the initial Complaint, Roach's allegations of a breach of contract are conclusory. *See Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) ("It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages."). Roach contends that NFCU breached a contract "for financial services, including maintaining accounts and issuing a credit card" by restricting his access to the checking account without providing a "valid reason" or "legitimate justification," that NFCU made "unauthorized use" of his funds without his consent, and that NFCU made "unauthorized changes" to his credit card agreement "without adequate notice." (*See* Am. Compl. at 2-3.) While he claims generally that he had a contract with NFCU that was breached, he does not specify the essential terms that were breached, or how they were breached. Roach's breach of contract claim does not meet the pleading standard. *See Iqbal*, 556 U.S. at 678. The claim for conversion fares no better. *See Universal Premium Acceptance Corp. v. York Bank & Tr. Co.*, 69 F.3d 695, 704 (3d Cir. 1995) ("[U]nder Pennsylvania law, conversion is the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith, without the owner's consent and without legal justification."). Roach simply offers no factual support for his conclusion that NFCU "wrongfully restricted access" to his accounts and "subsequently utilized" his funds

without authorization. (*See id.* at 5.) These allegations do not rise above the speculative level. Thus, Roach's Amended Complaint, even when liberally construed, fails to allege plausible breach of contract or conversion claims.

Moreover, as the Court noted when screening the initial Complaint, Roach has no basis for an unjust enrichment claim. As alleged, Roach's claims are based on the credit card account he maintained with NFCU, which is governed by a contract between the parties. "An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." *Sevast v. Kakouras*, 915 A.2d 1147, 1153 n.7 (Pa. 2007). The doctrine of unjust enrichment is "inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir. 1985) (quoting *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 448 (1969)). Dismissal of an unjust enrichment claim is proper where "the relationship between the parties is founded on a written instrument." *Harold ex rel. Harold v. McGann*, 406 F. Supp. 2d 562, 579 (E.D. Pa. 2005).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because Roach already has been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when

litigant "already had two chances to tell his story"). Accordingly, the Amended Complaint will be dismissed with prejudice. An appropriate Order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**

Case 2:24-cv-06408-CFK    Document 8    Filed 01/21/25    Page 11 of 11